# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Appellee, ) | |
| ) | CASE No. 21-7407 |
| v. ) | Originating Case Nos. 3:17-cr- |
| ) | 00049-JAG-1, 3:19-cv-00604-JAG |
| ) | |
| PATRICK FALTE, ) | |
| ) | |
| Defendant/Appellant. ) | |

---

## INFORMAL OPENING BRIEF OF THE APPELLANT/DEFENDANT PATRICK FALTE

---

On Appeal from the United States DistrictCourt for the
Eastern District of Virginia,
Richmond Division
John A. Gibney, Jr., District Judge

> CHARLES R. SAMUELS
> LEAD ATTORNY FOR APPELLANT
> 4908 MONUMENT AVENUE, SUITE 100
> RICHMOND, VIRGNIA 23230
> (804) 342-1995 PHONE
> Crsamuels@gmail.com
>
> CHARLES D. BUCKHOLTS, TNBPR #019318
> ATTORNEY FOR APPELLANT
> 40 BURTON HILLS BLVD., SUITE 200
> NASHVILLE, TENNESSEE 37215
> (615) 386-7118 PHONE
> chuck@buckholtslaw.com

## **TABLE OF CONTENTS**

| | |
|---|---|
| TABLE OF AUTHORITIES............................................................................ | 3 |
| STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION........................................................................................ | 4 |
| STATEMENT OF ISSUES PRESENTED FOR REVIEW........................... | 5 |
| STATEMENT OF THE CASE AND RELEVANT FACTS……………. | 5 |
| SUMMARY OF ARGUMENT....................................................................... | 8 |
| ARGUMENT.................................................................................................... | 8 |
| CONCLUSION................................................................................................ | 14 |
| CERTIFICATE OF COMPLIANCE........................................................... | 15 |
| CERTIFICATE OF SERVICE..................................................................... | 16 |

# **TABLE OF AUTHORITIES**

Federal Caselaw

*United States v. Reid*, No. 21-7225, 2021 U.S. App. LEXIS 34655,
at *2 (4th Cir. Nov. 22, 2021)……………………………………………… 4

*Buck v. Davis*, 137 S. Ct. 759, 773-74, 197 L. Ed. 2d 1 (2017)……………. 4

*Gonzalez v. Thaler*, 565 U.S. 134, 140-41, 132 S. Ct. 641,
181 L. Ed. 2d 619 (2012)………………………………………………….. 4

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595,
146 L. Ed. 2d 542 (2000)………………………………………………….. 4

*Falte v. United States*, No. 3:17cr49, 2021
U.S. Dist. LEXIS 167213, at *4 (E.D. Va. Sep. 2, 2021)…………………. 7

*United States v. Falte* , 724 F. App'x 228, 229 (4th Cir. 2018)……………. 7

*Strickland v. Washington*, 466 U.S. 668, 687-88,
104 S. Ct. 2052, 2063 (1984)……………………………………………….. 8

*United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017)…………….. 8

*Bowie v. Branker*, 512 F.3d 112, 120 (4th Cir. 2008)…………………….. 9

*Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S. Ct. 2680, 2705 (1991).. 10

*Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445(2007).. 11

*United States v. Bruffy*, No. 6:11CR00006-1, 2012 U.S. Dist.
LEXIS 41299, at *12-18 (W.D. Va. Mar. 26, 2012)………………………. 11

*United States v. Dowell*, 771 F.3d 162, 171 (4th Cir. 2014)……………….. 12

Federal Statutes

28 U.S.C. § 2255…………………………………………………………… 4

28 U.S.C. § 2253 (c)(1)(b)………………………………………………… 4

18 U.S.C. § 3553(a)…………………………………………………………. 6

United States Sentencing Guidelines

U.S.S.G. § 4B1.5(b)………………………………………………………… 4

§ 2G2.2(b)(5)………………………………………………………………….. 10

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The district court denied Appellant Falte's 28 U.S.C. § 2255 motion on September 2, 2021 and did not grant a certificate of appealability. (Memorandum Opinion, Case 3:17-cr-00049-JAG-1, Doc. 93, September 2, 2021; Final Order, Case 3:17-cr-00049-JAG-1, Doc. 94, September 2, 2021). Appellant filed a timely notice of appeal on September, 29, 2021. (Notice of Appeal, Case 3:17-cr-00049-JAG-1, Doc. 95, September 29, 2021).

An appeal may be taken from the final order in a 28 U.S.C. § 2255 if a circuit justice or judge of this court issues a certificate of appealability. 28 U.S.C. § 2253 (c)(1)(b); *United States v. Reid*, No. 21-7225, 2021 U.S. App. LEXIS 34655, at *2 (4th Cir. Nov. 22, 2021). A prisoner satisfies this standard upon showing "that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong." *Reid* (citing *Buck v. Davis*, 137 S. Ct. 759, 773-74, 197 L. Ed. 2d 1 (2017)). The prisoner must show that "both the dispositive procedural

ruling is debatable and the motion states a debatable claim of a constitutional right." *Reid* citing (*Gonzalez v. Thaler*, 565 U.S. 134, 140-41, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012)) (citing *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Appellate Falte files this informal opening brief as a contemporaneous motion for this court to issue a certificate of appealability with this informal opening brief. If the court grants the motion, this court will have jurisdiction to decide the appeal of the district court denying the Appellant's § 2255 motion.

## STATEEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Whether trial counsel provided ineffective assistance of counsel by failing to request a downward variance from the sex crime enhancement pursuant to U.S.S.G. § 4B1.5(b).

## STATEMENT OF THE CASE AND RELEVANT FACTS

1. Trial Counsel provided ineffective assistance of counsel by failing to request a downward variance from the sex crime enhancement pursuant to U.S.S.G. § 4B1.5(b).

Falte pled guilty to aggravated sexual abuse of a minor, in violation of 18 U.S.C. § 2241(c). He faced a mandatory minimum of thirty (30) years imprisonment and a maximum sentence of life imprisonment. The government agreed pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure to recommend a sentence of no greater than 50 years of imprisonment. Mr. Falte argued for a

sentence of thirty (30) years imprisonment. (Plea Agreement, Case 3:17-cr-00049-JAG-1Doc. 48, ¶ 6).

Trial counsel filed a motion for a downward variance on September 8, 2017, and Amended Position and Request for a Non-Guideline Sentence on September 10, 2017, arguing that the 18 U.S.C. § 3553 factors as applied to Mr. Falte and all other sentencing factors supported the parties' recommended sentencing range. (Motion for Variance Sentence, Case 3:17-cr-00049-JAG-1, Doc. 61; Amended Motion for Variance Sentence, Case 3:17-cr-00049-JAG-1, Doc. 63).

Falte received a five-level offense enhancement for "engaging in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b); (PSR ¶ 46, Case 3:17-cr-00049-JAG-1, Doc. 58; Sentencing Hearing Transcript, September 15, 2017, Docs. 66, 73). This court applied this sentencing guideline enhancement, but stated "...then there is a five-point enhancement, which really is impossible to explain in words, but it is due to the nature of the crime in this case...". (Sentencing Hearing Transcript, September 15, 2017, Case 3:17-cr-00049-JAG-1Docs. 66, 73, p. 4). This guideline enhancement increased Mr. Falte's offense level from a total offense level of 39 to the maximum offense level of 43. Therefore, without the enhancement, Falte's final guideline range after the three level reductions for acceptance of responsibility would have been 262-327 months if the court had

6

considered a variance. (P.S.R. ¶¶ 45-49). With the § 4B1.5(b) enhancement, Falte's guideline range was life imprisonment.

Trial counsel failed to request a downward variance from the five-level guideline enhancement in this case.

The trial court sentenced Falte to life imprisonment on September 19, 2017. (Judgment, Case 3:17-cr-00049-JAG-1 Doc. 67, p. 2). Falte filed a notice of appeal of the Judgment on October 3, 2017, (Notice of Appeal (Direct appeal), Case 3:17-cr-00049-JAG-1 Doc. 69).

On appeal, Falte questioned knowingly and voluntarily entered his guilty plea and whether the court imposed an unreasonable sentence. *United States v. Falte*, 724 F. App'x 228, 229 (4th Cir. 2018). This Court dismissed the portions of the appeal related to the appeal waiver and affirmed the life sentence. *Id.*

Falte filed his Motion to vacate under 28 U.S.C. § 2255 on August 19, 2019. (Motion to Vacate, Case 3:17-cr-00049-JAG-1 Doc. 82). The Court entered a Final Order and Memorandum Opinion denying Falte's Motion to vacate. (Final Order, Case 3:17-cr-00049-JAG-1 Doc. 94; Memorandum Opinion Case 3:17-cr-00049-JAG-1 Doc. 93). Mr. Falte filed this timely appeal. (Notice of Appeal (2255), Case 3:17-cr-00049-JAG-1 Doc. 95).

## SUMMARY OF ARGUMENT

Trial Counsel provided ineffective assistance of counsel by failing to request a downward variance from the sex crime enhancement pursuant to U.S.S.G. § 4B1.5(b).

For a defendant "to succeed on a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness (the performance prong); and (2) the deficient representation prejudiced the defendant (the prejudice prong). *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017), citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2063 (1984). "The performance prong is satisfied when counsel provides reasonably effective assistance, including demonstrating legal competence, doing relevant research, and raising important issues. *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017).

Trial counsel's failure to seek a variance from the five-level guideline enhancement fell below the objective standard of reasonable performance and prejudiced Falte.

## ARGUMENT

Trial counsel was ineffective in failing to request a downward variance from the five-level enhancement pursuant to U.S.S.G. § 4B1.5(b) for a defendant "engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. §

8

4B1.5(b); (PSR ¶ 46, Doc. 58; Sentencing Hearing Transcript, September 15, 2017, Docs. 66, 73).

The Sixth Amendment of the United States Constitution guarantees the right of a defendant to effective assistance of counsel in criminal cases. U.S. Const. amend. VI, *Strickland v. Washington*, 466 U.S. 668, 685, 104 S. Ct. 2052, 2063 (1984).

For a defendant "to succeed on a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness (the performance prong); and (2) the deficient representation prejudiced the defendant (the prejudice prong). *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017), citing *Strickland* at 687-88. "The performance prong is satisfied when counsel provides reasonably effective assistance, including demonstrating legal competence, doing relevant research, and raising important issues. *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017).

The district court found that Falte could not show the second prong in that there his no reasonable probability that reasonable probability that, but for counsel's unprofessional errors, the [sentence] would have been different." *Falte v. United States*, No. 3:17cr49, 2021 U.S. Dist. LEXIS 167213, at *4 (E.D. Va. Sep. 2, 2021); citing *Bowie v. Branker*, 512 F.3d 112, 120 (4th Cir. 2008) (alteration in original).

9

Appellant contends that the issue of sentencing and how and when to apply guideline enhancements are so fundamental to sentencing that "both the dispositive procedural ruling is debatable and the motion states a debatable claim of a constitutional right." *United States v. Reid*, No. 21-7225, 2021 U.S. App. LEXIS 34655, at *2 (4th Cir. 2021). citing (*Gonzalez v. Thaler*, 565 U.S. 134, 140-41, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012)) (citing *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

As Falte argued in his appellate brief, that "a life sentence is the second most severe penalty permitted by law." *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S. Ct. 2680, 2705 (1991); (United States Court of Appeals, Fourth Circuit, Case No. 17-4620, Doc. 19, p. 37).

Trial counsel requested a below guideline sentence in accordance with the parties' plea agreement as a variance from the guidelines, but did not request a specific variance from the application of U.S.S.G. § 4B1.5(b).

In another similar case, the district court in the Western District of Virginia granted a variance in on child pornography case from the application of § 4B1.5(b)(1), even though the guideline was applicable by considering the § 3553(a) factors. The Court stated as follows:

> My concern is not that applying both the § 4B1.5(b)(1) and § 2G2.2(b)(5) enhancements constitutes "impermissible double counting" (because, as I have already explained, it does not). I do indeed feel that, without the imposition of the § 4B1.5(b)(1) enhancement, the

10

enhancements from which Defendant's subtotal offense level of 39 were derived sufficiently account for his offense conduct; however, there is nothing "impermissible" about the application of the § 4B1.5(b)(1) enhancement in this case. Accordingly, I found that Defendant's total offense level is 44, which includes the § 4B1.5(b)(1) enhancement.

Nonetheless, I concluded that, considering the factors listed in 18 U.S.C. § 3553(a), "I think it is appropriate not to consider [the § 4B1.5(b)(1) enhancement] in the sentence." I am statutorily bound to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a) (emphasis added). I have attempted here, using as my starting point the guideline range resulting from a total offense level of 44, to "make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445(2007)....

These are serious offenses for which Defendant deserves to be punished. Nonetheless, I must consider the facts of the offenses in context. In my view, given the nature and circumstances of the offenses and the history and characteristics of the defendant, the sentence of **276 months, followed by a lifetime of supervised release, is sufficient to reflect the seriousness of the offenses and justly punish him. See 18 U.S.C. §§ 3553(a)(1) & (a)(2)(A). Defendant obviously merits a long incarceration, and he needs mental health treatment and counseling. However, he has no prior criminal history. He has a strong work and military history. He immediately cooperated in the investigation and provided authorities with the information necessary to further their investigation, in particular with regard to his conduct with the two children and their identities.**

*United States v. Bruffy*, No. 6:11CR00006-1, 2012 U.S. Dist. LEXIS 41299, at *12-18 (W.D. Va. Mar. 26, 2012). **(Emphasis in bold).**

This court has held that "4B1.5(b)(1) aims not merely to punish a defendant for the specific characteristics of the offenses of conviction, as does § 2G2.2(b)(5), but to allow a district court to impose an enhanced period of incarceration because

11

the defendant presents a continuing danger to the public." *United States v. Dowell*, 771 F.3d 162, 171 (4th Cir. 2014); (upholding Defendant's 960 month sentence).

The application of both Guidelines sections § 2G2.2(b)(5) and 4B1.5(b)(1), does not constitute impermissible double counting. *United States v. Dowell*, 771 F.3d 162, 171 (4th Cir. 2014). Even though it is not double counting, the court should have been specifically asked to rule on whether a variance was reasonable.

Falte's § 3553 factors are very similar to Defendant in *Bruffly*. Falte not only had mental health factors like Defendant Bruffly, but physical health factors as well. Furthermore, Falte presumably would not pose a continuing danger to the public if released at close to sixty (60) years of age even if he had even just received the mandatory minimum sentence.

Falte's trial counsel was ineffective in not advocating for a variance from the 4B1.5(b)(1) guideline enhancement. This is even more significant when the court described the enhancement as "really impossible to explain in words." (Sentencing Hearing Transcript, September 15, 2017, Docs. 66, 73, p. 4). Trial counsel should have argued that because the application of §4B1.5(b)(1) is so harsh and results in a lifetime minimum guideline sentence, the court should not have applied it to Falte's case.

Trial counsel did not argue that application of § 4B1.5(b)(1) would create an unwarranted disparity between Mr. Falte and similarly situated defendants that committed even more egregious conduct.

The government's rote motion for a downward variance/departure request to a fifty (50) year sentence prior to the sentencing hearing should have alerted trial counsel that rejection of the parties' sentencing recommendation was more likely than if the government would have advocated more forcefully for even the fifty (50) year sentence.

For these reasons, trial counsel's failure to request a downward variance from the application of §4B1.5(b)(1) fell below the objective standard of reasonableness. Mr. Falte's agreement was no more beneficial to him than if he had pled guilty without a plea agreement facing a guideline sentence of life imprisonment. The failure of trial counsel to raise this important issue was extremely prejudicial to Mr. Falte in resulting in a life sentence. Moreover, Mr. Falte waived his right to appellate review of his substantively unreasonable life sentence for no benefit.

Falte waived his right to appeal a sentence outside of the parties' recommendation. If this were a non-negotiable requirement of the government for Falte's acceptance of the plea agreement, then it was even more important that trial counsel argue for the downward variance from application of §4B1.5(b)(1).

## **CONCLUSION**

For these reasons, the Appellant requests that this Court grant him a certificate of appealability. If a certificate of appealability is granted, Appellate requests that his life sentence be vacated.

Respectfully submitted,

                                  Attorneys for Appellant

                                  *s/ Charles Richard Samuels*
                                  Charles R. Samuals, Attorney at Law, PLLC
                                  4908 Monument Ave, Suite Suite 100
                                  Richmond, VA 23230
                                  (804) 342-1995
                                  Crsamuels@gmail.com

                                  /s/ Charles D. Buckholts
                                  Charles D. Buckholts,BPR #019318
                                  40 Burton Hills Blvd., Suite 200
                                  Nashville, TN 37215
                                  (615) 386-7118
                                  chuck@buckholtslaw.com

## **CERTIFICATE OF COMPLIANCE**

     Pursuant to 4th Cir. R. 32(a)(7)(c), the undersigned certifies this brief complies with the length, formatting and type-volume limitations of 4th Cir. R. 32(a) and (g).

1. Exclusive of the exempted portions under the brief contains less than 13,000 words or exactly 3,081.

2. This brief has been prepared in proportionately spaced typeface using Microsoft Word 12 in Times New Roman, 14-point font size.

3. The undersigned understands a material misrepresentation, or circumvention of the type-volume limits may result in the Court striking the brief and imposing sanctions against the person signing the brief.

                                                       */s/ Charles R. Samuels*
                                                       */s/ Charles D. Buckholts*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of November, 2021, a copy of the foregoing Appellant Informal Opening Brief was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, namely Attorneys of Record, Jessica D. Abner, Assistant United States Attorney, Lauren E, Britsch, U.S. DOJ Attorney, and Elham Pierson, U.S. DOJ, Criminal Division. Parties may access this filing through the Court's electronic filing system.

*/s/ Charles R. Samuels*